UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| RANDY LEE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:23-cv-00051-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CHARLES R. HICKMAN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Randy Bryant is a resident of Columbus, New Mexico. Bryant has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] The Court has granted his motion to proceed *in forma pauperis* by separate Order. [R. 4.]

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Bryant indicates that from 2016 through the present, Charles Hickman, Judge of the Circuit Court of Shelby County, Kentucky, has presided over two civil cases to which he is a party.[1] Both cases arose from a dispute between family members over the will and

---

[1] *See Wilder v. Bryant*, No. 16-CI-00200 (Shelby Cir. Ct. 2016), (docket available online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=106&court=1&division=CI&caseNumber=16-CI-00200&caseTypeCode=OTH&client_id=0, accessed on August 11, 2023); *Bryant v. Graney*, No. 21-CI-00455 (Shelby Cir. Ct. 2021), (docket available online at

property of Bryant's mother after her passing in May 2015. Bryant complains that Judge Hickman accepted as true and valid various documents submitted by opposing parties in the litigation while rejecting his own and denying his motion for summary judgment. Bryant thus complains that Judge Hickman was not impartial and asserts that Hickman "should not have proceeded or allowed the case[s] to proceed as it was lacking in evidence." Bryant claims that Judge Hickman's conduct violated his right to equal protection and due process of law as guaranteed by the Fourteenth Amendment and seeks monetary damages for emotional distress. Bryant sues Hickman in his individual and official capacities. [*See generally* R. 1.]

The Court has thoroughly reviewed Bryant's complaint and the materials he has filed in support of it but must dismiss this action. With respect to the claim against Judge Hickman in his official capacity, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009). Kentucky Circuit Court judges are "arms of the state" for Eleventh Amendment purposes, thus barring the official capacity claim against Judge Hickman. *See Troxell v. Morgan*, No. CV 6:22-41-WOB, 2022 WL 2533377, at *1 (E.D. Ky. July 7, 2022) (*citing Thornton v. Kentucky*, No. 4: 06-CV-46-M, 2007 WL 1662690, at *6 and n.4 (W.D. Ky. June 5, 2007) and *Watkins-El v. Ryan*, No. 2006-CA-000268-MR, 2007 WL 1229406, at *5 (Ky. Ct. App. Apr. 27, 2007)).

---

https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=106&court=1&division=CI&caseNumber=21-CI-00455&caseTypeCode=SLAND&client_id=0, accessed on August 11, 2023).

The individual capacity claim likewise fails. It is well established that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978). A judge is therefore entitled to absolute immunity against a claim for money damages that is based upon an action taken by a judge in his or her judicial capacity unless the act is taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Here, Bryant complains of actions taken by Judge Hickman directly in his role as judge and performing judicial functions when considering and ruling upon the claims in the litigation to which Bryant was a party. Hickman is therefore entitled to immunity from suit with respect to Bryant's claims. *Cf. Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004).

Accordingly, the Court **ORDERS** as follows:

1. Randy Bryant's complaint **[R. 1]** is **DISMISSED** with prejudice.

2. This matter is **STRICKEN** from the docket.

This 31st day of August 2023.

Gregory F. Van Tatenhove
United States District Judge